### MANCHESTER & LAWRENCE RAILROAD, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 9495.   Promulgated October 4, 1927.

Many years prior to the taxable year petitioner leased its railroad and property for a term of years, the lessee agreeing to pay all Federal income taxes imposed upon the lessor with reference to the rental. The lessee paid the Federal tax upon the net income returned by petitioner for each year subsequent to the lease. *Held,* the amount of tax so paid constitutes additional income to the petitioner for the year in which such tax became due and was paid.

*J. S. Y. Ivins, Esq.,* and *O. R. Folsom-Jones, Esq.,* for the petitioner.

*M. N. Fisher, Esq.,* and *P. J. Rose, Esq.,* for the respondent.

The Commissioner determined an overassessment of $408.59 for the calendar year 1918 resulting in the denial of a claim for the abatement of a jeopardy assessment; $5,000 of the jeopardy assessment unabated by the Commissioner for the year 1918 is in controversy.

For the fiscal period January 1 to November 30, 1919, the Commissioner determined a deficiency of $12,260.24.

The issues are (1) whether the payment, under the terms of a lease, of the lessor's income tax by the lessee constitutes additional income to the lessor; (2) whether the Commissioner erred in reducing invested capital in each of the taxable years by the amount of prior year's income and profits tax prorated from the date of payment, and (3) whether the Commissioner erred in reducing invested capital for each of the taxable periods by a portion of dividends paid in such period and alleged by the Commissioner to be in excess of available earnings at the time of payment.

### FINDINGS OF FACT.

During the taxable period the petitioner was a New Hampshire corporation with principal office at Manchester. It was the owner of a railroad which it had leased to the Boston & Maine Railroad under a lease which provided, *inter alia*, that the lessee would pay the Federal income tax of the lessor. The income tax of the petitioner for each year was payable and was paid by its lessee in the following year.

The Commissioner computed a Federal income tax of $13,445.05 upon petitioner's income for the calendar year 1918 and added this amount to petitioner's taxable income for the year 1918. The Commissioner also computed a Federal income tax of $8,945.99 upon petitioner's income, as revised by him, for the period January 1 to November 30, 1919, and added this amount to petitioner's taxable income for said period.

The petitioner's income-tax returns for 1917 and 1918 showed a tax liability of $6,023.93 and $13,445.05, respectively, which amounts were not reduced by the Commissioner and did not include any amount as a tax of the petitioner to be paid by its lessee.

The Commissioner reduced petitioner's invested capital for the year 1918 in the amount of $3,850.47, representing the amount of petitioner's income and profits tax for the year 1917 prorated from the dates due and payable in 1918. The Commissioner also reduced petitioner's invested capital for the taxable period January 1 to November 30, 1919, in the amount of $7,799.80, representing the amount of petitioner's income and profits tax for 1918 prorated from the dates due and payable in 1919.

The Commissioner computed the net earnings of the petitioner available for the payment of· dividends on each particular date of payment during the year 1918 and the period January 1 to November 30, 1919, by reducing the book income for the particular taxable period in the amount of the Federal income tax accrued on the taxable income for such taxable period and treated the income, less such tax, as having been earned ratably throughout such taxable period. Petitioner's net income was received from rentals semiannually and dividends were paid semiannually out of such rentals after receipt. The rentals in each case were sufficient to pay dividends, that is rentals receivable on May 1 and November 1 of each year, and dividends not in excess thereof were paid on May 2 and November 2, respectively, in each year. Petitioner kept its books and rendered its returns on an accrual basis.

Petitioner was merged with the Boston & Maine Railroad December 1, 1919.

OPINION.

LITTLETON: The first issue is controlled by the decision of the Board in *Appeal of Providence & Worcester Railroad Co.*, 5 B. T. A. 1186. On the authority of that decision it is held that the amount of Federal income tax upon petitioner's income for 1917 and paid by petitioner's lessee in 1918 constituted additional income to petitioner in the latter year, that the amount of Federal income tax due upon petitioner's income for 1918 without the inclusion therein of any amount on account of income tax paid in that year by the lessee as the tax upon the income for the year 1917 constituted additional taxable income in 1919.

The second and third issues are governed by the decisions of the Board in *L. S. Ayers & Co.*, 1 B. T. A. 1135, and *Best Steel Castings Co.*, 6 B. T. A. 274. The Commissioner's action in regard to these issues is therefore reversed.

Reviewed by the Board.

> *Judgment will be entered on 15 days' notice,*
> *under Rule 50.*